# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ZUNIGA, | CASE NO. 1:09-cv-01208-AWI-SMS PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE, WITHIN THIRTY DAYS |
| v. | |
| CHRIS JORDAN, et al., | |
| Defendants. | (Doc. 1) |

**Screening Order**

**I.      Screening Requirement**

Plaintiff Larry Zuniga, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 13, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Under federal notice pleading, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual

allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Factual allegations are accepted as true but legal conclusion are not, and Plaintiff is required to present factual allegations sufficient to state a plausible claim for relief. Iqbal at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal at 1949-50; Moss at 969.

## II.     Plaintiff's Claims

### A.     Summary of Allegations

Plaintiff is currently housed at the Kings County Jail in Hanford, California, where the events complained of allegedly occurred. On March 13, 2009, jail officials learned of a planned hunger strike. On March 16, 2009, jail officials' response was to use force on inmates, and during his dayroom time, Plaintiff witnessed inmates being shot with bean bags, pepper ball guns, and tasers.

On March 20, 2009, fearing for his safety, Plaintiff pushed the emergency button in the dayroom and asked to speak to Sergeant Tolbert. Sergeant Henderson subsequently opened the door and when Plaintiff told her that he wanted to talk to someone, she began yelling and threatening to use force. Plaintiff said he did not understand what was going on and needed to speak with someone. Henderson stepped aside and approximately fifteen to twenty officers rushed in, shooting at Plaintiff and two other inmates. Plaintiff alleges that at no time was he told to get down or cuff up, and he was shot three to four times with a block gun by Defendant Berke, shot three to four times with a rubber bullet gun by Defendant Torres, and shot two to three times with a pepper ball gun by John Doe 1. John Does 2, 3, and 4 then rushed Plaintiff, cuffed him, and dragged him one-hundred fifty feet.

Plaintiff was taken for medical treatment fifteen to twenty minutes later. Prior to being seen by medical personnel, Defendants Henderson and Baily attempted to roll Plaintiff's pant leg up above his thigh. The pant leg was not wide enough to go that high, and their actions caused Plaintiff

pain by placing pressure on his wounds.  Plaintiff told them they were hurting him but they continued as they tried to see his wounds and take photographs.

Defendants Lemos and Baily thereafter escorted Plaintiff to his housing unit.  Baily refused Plaintiff's request for clean clothing, so Plaintiff remained, unshowered, in his clothes soiled with pepper powder and gun powder for ten hours, which caused him to cough and sneeze and his eyes to water.

### B. Excessive Force Claim[1]

#### 1. Defendants Berke, Torres, and Doe 1

Plaintiff alleges a claim for use of excessive physical force.  "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Id. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Id. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper

---

[1] Based on Plaintiff's allegations that he was at the jail for a prison violation, and that he was on a parole hold, it appears Plaintiff was not a pretrial detainee. (Doc. 1, Comp., court record pp. 4, 8.)  Therefore, the Eighth Amendment governs his claims.

to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff's allegations are sufficient to state a claim against Defendants Berke, Torres, and John Doe 1 for use of excessive physical force.[2]

### 2. Defendants Holding Supervisory Positions

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's allegation that Defendant Henderson threatened to use force against him and then stepped aside to allow the officers to enter and begin shooting is sufficient to state a claim against Henderson.[3] Taylor, 880 F.2d at 1045. Further, Plaintiff's allegation that Defendant Jordan, who is the Sheriff, ordered the use of force at issue is sufficient to state a claim against Jordan. Id.

However, Plaintiff's attempt to impose liability on Defendants Gomes, Bailey, Jones, Thayer, Hunter, and Valdez for "being of rank" fails as a matter of law. (Comp., court record p. 3.) Plaintiff may not impose liability on any defendant based merely on rank. Further, there are no specific

---

[2] Plaintiff may later amend his complaint if he is able to determine the identify of Doe 1. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

[3] Plaintiff's allegation that Henderson violated his rights by failing to address his issue does not state a claim. (Comp., court record p. 3.) Henderson's failure to allow Plaintiff to speak to someone was not a constitutional violation.

4

allegations supporting a claim that these defendants, or Defendants Delia, Ruiz, Gonzalez, Hernandez, and Heritage, used excessive force against him. Plaintiff must allege some facts linking them to acts or omissions that violated his rights, and may not merely allege that they used force against him. Iqbal at 1949-50; Moss at 969.

### B.   Claims Arising From Assessment of Wounds and Failure to Provide Clean Clothing

Plaintiff's allegations concerning the actions of Henderson and Baily as they attempted to assess his wounds and take photographs are insufficient to state a claim under section 1983. The actions neither constitute excessive force, Hudson at 7, nor rise to the level of deliberate indifference to a serious risk of harm to Plaintiff, Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994), Hudson at 9. Accordingly, no claim arises from that incident.

Further, Plaintiff's allegation that Baily did not provide him with clean clothing upon request is insufficient to support a claim. The mere possibility of misconduct will not support a claim under section 1983, Iqbal at 1949-50; Moss at 969, and Plaintiff's allegation falls short of supporting the claim that Baily's failure to provide him with clean clothing violated the Eighth Amendment, which protects against only those deprivations which deny the minimal civilized measure of life's necessities, Hudson at 9.

### C.   Municipal Liability Claim

Plaintiff attempts to parlay the alleged use of excessive force against him into a claim against the Mayor of Hanford,[4] the Kings County Board of Supervisors, and Jail Facility Manager Kim for ignoring him and failing to help him or fix the situation.

A local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Conn v. City of Reno, 572 F.3d 1047, 1062 (9th Cir. 2009); Gibson, 290 F.3d at 1185.

---

[4] Erroneously identified as the Mayor of Kings County.

5

1 Plaintiff's complaint is devoid of any allegations supporting a claim for relief against the mayor, the board of supervisors, or Kim. Their failure to respond to his letters after the incident provides no basis for liability against them under section 1983, and Plaintiff's claim fails.

### D. Relief Sought

In addition to money damages, Plaintiff seeks declaratory relief and unspecified injunctive relief.

Federal courts are courts of limited jurisdiction and in considering a request for equitable relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

"[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998). When there no longer "'exists a present controversy as to which effective relief can be granted,'" the request for relief is moot, "preempt[ing] any determination on the merits." S.E.C. v. Gemstar-TV Guide Int'l, Inc., 367 F.3d 1087, 1091 (9th Cir. 2004) (quoting Village of Gambell v. Babbitt, 999 F.d 403, 406 (9th Cir. 1993)).

The incident of excessive force at issue in this action occurred in March 2009. The case or controversy requirement cannot be met with respect to equitable relief in light of the fact that the claim in this action is confined to a past incident at the jail. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S.Ct. 1142, 1148-49 (2009); Steel Co. v.

///

Citizens for a Better Env't, 523 U.S. 83, 102-04, 118 S.Ct. 1003 (1998). Therefore, this action may properly proceed as one for damages only.

### III. Conclusion and Order

Plaintiff's complaint states a claim against Defendants Berke, Torres, John Doe 1, Henderson, and Jordan for use of excessive force, in violation of the Eighth Amendment, but does not state any other claims for relief under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Berke, Torres, Henderson, and Jordan, Plaintiff may so notify the Court in writing, and the other defendants will be dismissed for failure to state a claim against them. Plaintiff will then be provided with four summonses and four USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Berke, Torres, Henderson, and Jordan.[5]

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). The mere possibility of misconduct is insufficient to state a claim. Iqbal at 1950. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

---

[5] The United States Marshal cannot initiate service of process on an unknown defendant. Therefore, the Court will send Plaintiff the appropriate service documents at such time that Plaintiff ascertains the identity of John Doe 1.

Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendants Berke, Torres, Henderson, and Jordan; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   December 22, 2009**          /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE