1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   LARRY ZUNIGA,                          CASE NO. 1:09-cv-01208-AWI-BAM PC

10                    Plaintiff,

11        v.                                ORDER DISCHARGING ORDER TO SHOW
                                            CAUSE  (ECF No. 44)

12   CHRIS JORDAN, et al.,                  ORDER DENYING PLAINTIFF'S MOTION FOR
                                            APPOINTMENT OF COUNSEL (ECF No. 45)
13                    Defendants.

14   _____/

15        Plaintiff Larry Zuniga ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

16   in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the complaint,

17   filed July 13, 2009, against Defendants Berke, Torres, Henderson, and Jordan for excessive force

18   in violation of the Eighth Amendment.  This action is currently set for trial on February 28, 2012,

19   before the Honorable Anthony W. Ishii.

20        On July 15, 2011, a second scheduling order issued directing the parties to file pretrial

21   statements.  Plaintiff failed to file a pretrial statement by the date set and on December 5, 2011, an

22   order to show cause why this action should not be dismissed for Plaintiff's failure to comply with

23   the second scheduling order issued. (ECF No. 44.) On December 19, 2011, Plaintiff filed a response

24   stating he had been unable to comply with the deadline and requesting appointment of counsel and

25   that the action not be dismissed for his failure to comply.  (ECF No. 45.)

26        Plaintiff requests appointment of counsel because he is incarcerated in a facility that he states

27   does not have a law library.  Plaintiff does not have a constitutional right to appointed counsel in this

28   action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an

1

attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.   In determining whether "exceptional circumstances exist, the district court  must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily.  The Court has reviewed the pleading filed in this action and finds that Plaintiff is able to adequately articulate his claims.

Although Plaintiff states that the facility does not have a law library, Plaintiff is incarcerated at California State Prison, Corcoran, and the Court is aware that the prison does have law libraries available to inmates.  At this point in the action Plaintiff is preparing for trial.  To the extent that Plaintiff lacks physical access to one of the law libraries, the Court fails to see why physical access to the law library would be necessary.  To ensure fairness to pro se litigants, the Court prepares the jury instructions, verdict forms, and a statement of the case.  Plaintiff's motion for appointment of counsel is denied.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The order to show cause, issued December 5, 2011, is DISCHARGED; and

2.     Plaintiff's motion for appointment of counsel, filed December 19, 2011, is DENIED.

IT IS SO ORDERED.

Dated:   **January 1, 2012**               **/s/ Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE