# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ZUNIGA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRIS JORDAN, et al.,<br><br>    Defendants. | CASE NO. 1:09-cv-01208-AWI-BAM PC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE  (ECF No. 44)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 45) |

Plaintiff Larry Zuniga ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the complaint, filed July 13, 2009, against Defendants Berke, Torres, Henderson, and Jordan for excessive force in violation of the Eighth Amendment.  This action is currently set for trial on February 28, 2012, before the Honorable Anthony W. Ishii.

On July 15, 2011, a second scheduling order issued directing the parties to file pretrial statements.  Plaintiff failed to file a pretrial statement by the date set and on December 5, 2011, an order to show cause why this action should not be dismissed for Plaintiff's failure to comply with the second scheduling order issued.  (ECF No. 44.)  On December 19, 2011, Plaintiff filed a response stating he had been unable to comply with the deadline and requesting appointment of counsel and that the action not be dismissed for his failure to comply.  (ECF No. 45.)

Plaintiff requests appointment of counsel because he is incarcerated in a facility that he states does not have a law library.  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an

1  attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District
2  Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However,
3  in certain exceptional circumstances the court may request the voluntary assistance of counsel
4  pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

5        Without a reasonable method of securing and compensating counsel, the court will seek
6  volunteer counsel only in the most serious and exceptional cases.  In determining whether
7  "exceptional circumstances exist, the district court must evaluate both the likelihood of success of
8  the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity
9  of the legal issues involved."  <u>Id</u>. (internal quotation marks and citations omitted).

10        In the present case, the court does not find the required exceptional circumstances.  Even if
11  it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations
12  which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with
13  similar cases almost daily.  The Court has reviewed the pleading filed in this action and finds that
14  Plaintiff is able to adequately articulate his claims.

15        Although Plaintiff states that the facility does not have a law library, Plaintiff is incarcerated
16  at California State Prison, Corcoran, and the Court is aware that the prison does have law libraries
17  available to inmates. At this point in the action Plaintiff is preparing for trial.  To the extent that
18  Plaintiff lacks physical access to one of the law libraries, the Court fails to see why physical access
19  to the law library would be necessary.  To ensure fairness to pro se litigants, the Court prepares the
20  jury instructions, verdict forms, and a statement of the case.  Plaintiff's motion for appointment of
21  counsel is denied.

22        Based on the foregoing, it is HEREBY ORDERED that:
23        1.    The order to show cause, issued December 5, 2011, is DISCHARGED; and
24        2.    Plaintiff's motion for appointment of counsel, filed December 19, 2011, is DENIED.
25        IT IS SO ORDERED.

26    Dated:   **January 1, 2012**            /s/ **Barbara A. McAuliffe**
27                                                       UNITED STATES MAGISTRATE JUDGE
28