# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ZUNIGA,<br><br>    Plaintiff,<br><br>v.<br><br>CHRIS JORDAN, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-01208-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE TRIAL<br><br>(ECF No. 61, 63)<br><br>PLAINTIFF'S MOTION IN LIMINES DUE BY JUNE 15, 2012 |

    Plaintiff Larry Zuniga ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter is currently set for a motion in limine hearing on June 25, 2012, and jury trial on July 17, 2012. On May 11, 2012, Plaintiff filed a motion to vacate the trial date because he has been denied access to his property and is unable to prepare for trial. On May 17, 2012, Defendants filed an opposition to Plaintiff's motion to vacate the trial date.

    Plaintiff requests that the jury trial set for July 17, 2012, be vacated because his property has was confiscated on April 24, 2012, and he does not have access to his legal work and addresses of family members who would assist him at trial. Plaintiff is set be released on June 16, 2012, and requests the July 17, 2012, trial be vacated so he can prepare for trial once he is released from custody.

    Defendants oppose Plaintiff's motion on the grounds that they have already been prejudiced by the delay in this action, and since Plaintiff is set to be released on June 16, 2012, there is no need to vacate the trial date. Plaintiff has already received three extensions of the discovery and

1  dispositive motion deadlines.  Plaintiff was also granted a continuance of the trial date of February
2  28, 2012, and the jury trial was set July 17, 2012 to accommodate his June 16, 2012 release date.
3  In light of these extensions, Plaintiff has had ample time to prepare for trial and if he has not
4  prepared  for trial it is due to lack of diligence on his part.  Defendants also argue they have already
5  been prejudiced by the delay due to the problems inherent with the passage of time, such as locating
6  witnesses and diminished recollection.  Plaintiff will be released from custody approximately one
7  month prior to trial, and he has failed to explain what he is unable to do to prepare for trial.
8  Defendants request that the Court deny Plaintiff's motion as they are entitled to their day in court.

9         The Court considers four factors in deciding whether to grant a continuance of the trial date:
10  1) the diligence of the party requesting the continuance in preparing for trial; 2) the likelihood that
11  granting the continuance would meet the need for the continuance; 3) the extent that granting the
12  continuance would inconvenience the court and opposing parties, including witnesses; and 4) the
13  potential harm to the moving party if the continuance is denied.  United States v. Flynt, 756 F.2d
14  1352, 1359 (9th Cir. 1985)

15         In this instance, the initial order scheduling trial issued on July 15, 2011.  Plaintiff will have
16  had one year to prepare for the jury trial set on July 17, 2012.  Plaintiff failed to file his pretrial
17  statement in compliance with the scheduling order, which resulted in the February 28, 2012, jury trial
18  date being vacated.  Plaintiff was granted a continuance to file a motion to reopen discovery, which
19  he failed to file.  When the Court set the hearing to determine the new trial date, Plaintiff filed a
20  motion requesting the date be set in July 2012. (ECF No. 58.)  The Court finds that Plaintiff has had
21  adequate time to prepare for trial and has failed to show that he has been diligent in his attempts to
22  prepare for trial.  The first factor weighs against granting the continuance.

23         Plaintiff requests a continuance so he can prepare for trial once he is released from custody,
24  however, Plaintiff is being released from custody on June 16, 2012, which will allow him a month
25  to prepare for trial.  Additionally, although Plaintiff alleges that he is being denied his legal property,
26  the court will prepare the jury instructions, verdict form, voir dire questions, and statement of the
27  case.  Plaintiff is mainly required to prepare the factual presentation of his case.  Given that Plaintiff
28  will have a month to prepare for trial once he is released from custody, the second factor weighs

against Plaintiff's motion for a continuance.

This is the second trial date that Plaintiff has received and trial is set in two months. Given the weight of the Court's case load and the difficulty in finding a new trial date, the inconvenience to the Court is significant. While Defendants argue they have already been prejudiced by the delay, they fail to set forth any facts that indicate they or their witnesses will be inconvenienced by the delay. While there is some inconvenience that would result from granting the continuance, the Court finds that this factor is neutral.

Finally, Plaintiff fails to show that he will suffer harm from the denial of the continuance. Plaintiff does not state what he has been unable to do to prepare for trial. The only deadline set prior to Plaintiff's release from custody is the motions in limine deadline. Should Plaintiff wish to file motions in limine,. Plaintiff shall be granted an extension of time to June 8, 2012, to file his motions in limine and opposition to Defendants' motions in limine. All remaining trial deadlines are set for July 12, 2012, almost a month after Plaintiff will be released from custody. The Court does not find that Plaintiff will suffer any harm from the denial of his motion for a continuance, and the fourth factor weighs against granting the continuance.

The factors to be considered in deciding whether to grant Plaintiff's motion weigh against granting Plaintiff's motion for a continuance of the trial date, and Plaintiff's motion shall be denied. The Court requests that defense counsel contact the prison and facilitate Plaintiff's access to his legal property and materials so he is able to prepare motions in limine if he so desires. Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to vacate the jury trial is DENIED;
2. Defense counsel shall contact the prison to facilitate Plaintiff's access to his legal property and materials needed to prepare for trial; and
3. Plaintiff's motions in limine are due on or before June 8, 2012, and Defendants' opposition shall be due on or before June 20, 2012.

IT IS SO ORDERED.

Dated:   May 31, 2012

CHIEF UNITED STATES DISTRICT JUDGE