# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ZUNIGA, | CASE NO. 1:09-cv-01208-AWI-BAM PC |
| Plaintiff, | ORDER DISMISSING DEFENDANT JOHN DOE FROM ACTION |
| v. | (ECF No. 37) |
| CHRIS JORDAN, et al., | |
| Defendants. | |

Plaintiff Larry Zuniga ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed July 13, 2009, against Defendants Berke, Torres, Henderson, Jordan, and John Doe for excessive force in violation of the Eighth Amendment. On July 27, 2011, an order issued requiring Plaintiff to show cause within thirty days why Defendant John Doe should not be dismissed from the action for failure to effect service of process. (ECF No. 37.) Plaintiff failed to respond to the order to show cause.

In his pretrial statement, however, Plaintiff moved for the Doe defendant to not be dismissed because Plaintiff stated that he had been unable to view the video due to being incarcerated. After reviewing the pre-trial statement, the Court dismissed John Doe as part of the pretrial order issued on February 2, 2012. (ECF No. 56) The February 2 pre-trial order was vacated on February 9, 2012, and an amended pretrial order was issued on March 22, 2012. (ECF No. 57, 60) Inadvertently, the March pre-trial order did not address John Doe. The Court will correct that omission and dismiss the Doe Defendant.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As the Court previously found, Plaintiff has failed to set forth good cause for his failure to identify the Doe defendant so that the United States Marshal could serve a summons and the complaint. Dismissal of the Doe defendant from this action is appropriate.

Accordingly, IT IS HEREBY ORDERED that John Doe is dismissed from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

Dated:   November 16, 2012

UNITED STATES DISTRICT JUDGE